1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

Michelle R. Migdon
Attorney at Law
Direct Dial 212.969.3537
mmigdon@proskauer.com

# PROSKAUER ROSE LLP

**BY HAND DELIVERY**

August 4, 2006

The Honorable William H. Pauley III
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Room 2210, Courtroom 11D
New York, New York 10007

AUG 04 2006

CHAMBERS OF
WILLIAM H. PAULEY

Re: East River Realty Company LLC v. TRC Companies, Inc., et al, (06 CV 5417)

Dear Judge Pauley:

We represent Defendants TRC Companies, Inc., TRC Engineers, Inc. and TRC Environmental Corporation (collectively "TRC"). We respectfully request a pre-motion conference on TRC's proposed Motion to Dismiss the Complaint in this action. We also seek an extension of time to make that motion (or to answer). The Court already has scheduled an August 11 pre-motion conference on a proposed motion by Plaintiff East River Realty Company ("ERRC"). We respectfully request that the Court hear TRC's pre-motion requests at the same conference.

**Basis for Motion to Dismiss**

The Complaint must be dismissed for at least the following three reasons:

1) **This Court does not have subject matter jurisdiction due to the lack of complete diversity between the named parties.** Both Plaintiff ERRC and one of the Defendants, TRC Engineers, Inc. ("TRC Engineers"), are citizens of New York. Plaintiff wrongly alleges that TRC Engineers' principal place of business is in New Jersey. In fact, TRC Engineers' corporate headquarters and "nerve center" is in New York, where TRC Engineers' top officers are located, and its "locus of operations" is in New York, where it conducts most of its business.

2) **This Court also lacks subject matter jurisdiction because ERRC has failed to join as Defendants two indispensable contract parties, Consolidated Edison Company of New York ("Con Edison") and AIG Insurance Company ("AIG").** TRC has contractual obligations (under the contract at issue) to Con Edison and integrated insurance policies with AIG (through Granite State Insurance Company and Commerce & Industry Insurance Company), both of which would be materially affected by the relief requested by the Complaint. As such, their joinder is necessary. However, given the citizenship of those involved (e.g., Con Edison is also a citizen of New York), joinder would defeat diversity.

3) **The Complaint fails to state a claim upon which relief may be granted as it is apparent from the face of the contract (Complaint, Ex. B) that TRC's participation in the Brownfield**


MEMO ENDORSED

PROSKAUER ROSE LLP

**Cleanup Program ("BCP") is not mandated and, indeed, would run contrary to the contractual provisions specifying that TRC is obliged to perform work under a Consent Order issued under New York's Voluntary Cleanup Program ("VCP"). Indeed, BCP participation was not even contemplated (let alone required) under the contract since the BCP *did not even exist* when the contract was negotiated or executed.** (Incidentally, the actual signatories to the contract (TRC and Con Edison) have already determined that TRC does not have an obligation to enter into the BCP.)

We summarize the contractual and regulatory background showing that ERRC's Complaint is facially baseless. The contract at issue is a November 2000 Exit Strategy® Contract between Con Edison and TRC (the "Contract"). In the Contract, TRC covenanted to Con Edison that it would demolish the structures on four Manhattan properties (the "Properties") and remediate the Properties to a certain depth. The Contract expressly provides (as does the Complaint), that TRC's work is to proceed under an administrative "Consent Order" pursuant to the VCP, a regulatory program administered by the New York State Department of Environmental Conservation ("NYSDEC"). (Complaint ¶20, Ex. B § 5(r); 1(d)). In accordance with the Contract, in the summer of 2001, TRC entered into a Consent Order covering each of the Properties. TRC has been demolishing structures and remediating the Properties under the Consent Order since that time.

In October 2003, three years after TRC entered into the Contract with Con Edison and two years after TRC entered into the required Consent Order, New York passed the BCP. (The NYSDEC implementing regulations for the BCP are still in the rule-making process.) Contrary to ERRC's assertions, however, the BCP did not abolish the VCP nor require VCP participants to switch to the BCP (*See* 12/9/03 NYSDEC News Release: "Volunteers electing not to transition to the BCP . . . will complete their projects under the VCP."). Most importantly, as a matter of law, ***nothing in the Contract requires TRC to switch from the VCP to the BCP.***

Also, as a matter of law under the Contract, TRC cannot switch from the VCP to the BCP without the consent of its contracting partners. The Contract requires TRC to enter into "Consent Orders" with the NYSDEC under the VCP, which it did by entering into the Consent Order. The BCP merely provides for, and ERRC seeks to have TRC sign, a Brownfield Cleanup *Agreement*. If TRC were to sign a BCP "Agreement," it would replace the Consent Order and, in turn, TRC might be deemed in default of its obligations to Con Edison under the Contract. Con Edison has not consented to a switch from the VCP to the BCP or to a termination of the VCP Consent Order. Moreover, both TRC and Con Edison have maintained that such a switch could impose significant risks and obligations beyond those contemplated in the Contract.

Such a switch would also require the consent of AIG because, under the terms of the Contract, (as described in the Complaint ¶30), AIG pays TRC for work performed. Indeed, the only way that TRC gets paid is by submitting invoices for costs to AIG. AIG also indemnifies TRC (and Con Edison) under insurance policies specified in the Contract. AIG has stated quite plainly that participation in the BCP would not be covered by the existing insurance policies that fund and cover the Contract.

**PROSKAUER ROSE LLP**

What Plaintiff seeks is not specific enforcement of the existing Contract concerning the VCP, but rather an amendment to strike a *new* deal concerning the BCP. What Plaintiff does not disclose to the Court is that the parties have attempted to negotiate such a deal for almost two years. Moreover, TRC has good business reasons for refusing to enter into a new, BCP-centered agreement without adequate protection and compensation. While ERRC claims that *ERRC* would benefit from TRC's participation in the BCP, TRC would bear the risks and expenses. Because there are significant potential differences or uncertainties in the work that may be required of TRC if it could successfully switch to the BCP, TRC has reasonably demanded, among other things, compensation for any costs already expended in connection with the possibility that TRC would enter into the BCP, for future BCP-related costs, and indemnification for any additional liabilities that might arise from such a change. TRC and ERRC have not been able to agree on these costs and risks. Given TRC's lack of any contractual duty to ERRC to enter into the BCP, the lack of Con Edison's and AIG's support for the changes ERRC is seeking, and the lack of a Contract amendment that would address the issues associated with the additional costs and risks to it, TRC understandably has declined to sign a new agreement.

**Request for an Extension of Time to Make the Motion or Answer**

Given that both parties are proposing to engage in motion practice, TRC requests an extension through September 15 to make the Motion to Dismiss described above. Upon receiving the Complaint, Defendants asked ERRC for the courtesy of a 30-day extension of time to move or answer. ERRC initially refused to provide any extension, and only agreed to a two-business day extension (through August 14) once the Court scheduled the August 11, 2006 pre-motion conference.

TRC will submit, separately, its response to ERRC's request to move for a preliminary injunction, which seeks to transform a claim for an alleged breach of contract regarding the almost three-year-old BCP program into an accelerated litigation in which the Court sets an immediate preliminary injunction hearing and trial on the merits. At this time, it suffices to note that ERRC will not be prejudiced by a short delay. Indeed, even ERRC admits (July 31, 2006 letter at 3) that the Properties will not be substantially remediated until mid-2007. Moreover, its alleged harm, if any, is financial and compensable. Given the unlikelihood of success on the merits, the multi-year delay before commencement of this action and the fact that any alleged harm is compensable by monetary damages, ERRC will not be prejudiced (let alone irreparably harmed) by a short extension of Defendants' time to respond to the Complaint.

Respectfully,

*/s/ Michelle Migdon*

Michelle R. Migdon

cc: Richard Ben-Veniste (counsel for ERRC) (by email and overnight delivery)

*Handwritten annotation:* A pre-motion conference will be held 8/11/06 at 3:00 pm. A schedule for all motions and pleadings shall be set at the conference.

**SO ORDERED:**

_____
**WILLIAM H. PAULEY III U.S.D.J.**

8/7/06