**Exhibit E**



August 9, 2006

BY HAND DELIVERY

The Honorable William H. Pauley III
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Room 2210, Courtroom 11D
New York, New York 10007

Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel (202) 263-3000
Main Fax (202) 263-3300
www.mayerbrownrowe.com

Richard Ben-Veniste
Direct Tel (202) 263-3333
Direct Fax (202) 263-5333
rben-veniste@mayerbrownrowe.com

Re: East River Realty Company LLC v. TRC
Companies, Inc., et al. (06 CV 5417)

Dear Judge Pauley:

We represent East River Realty Company LLC ("ERRC") in the above-referenced lawsuit against TRC Companies, Inc., TRC Engineers, Inc. and TRC Environmental Corporation (collectively, "TRC"). We write in response to Michelle R. Migdon's letters to Your Honor, dated August 4 and August 7, 2006, which were sent on behalf of TRC, and which request that Your Honor entertain TRC's application to file a motion to dismiss ERRC's complaint at the August 11, 2006 pre-motion conference, and otherwise deny ERRC's request for injunctive relief.[1]

We have no objection to TRC's filing a motion to dismiss, as long as it is expedited. We note, however, that for the following reasons, such a motion would fail.

1. **TRC's Lack Of Subject Matter Jurisdiction Arguments Are Not Meritorious.**

TRC identifies two subject matter jurisdiction arguments in support of its planned motion to dismiss ERRC's complaint. Each of them fail as a matter of law.

　　A.　**This Court Has Subject Matter Jurisdiction Based Upon The Diversity Of The Parties.**

TRC alleges that one of the three TRC defendants – TRC Engineers, Inc. ("TRC Engineers") – does not have its principal place of business in New Jersey, as alleged by ERRC. Rather, TRC Engineers claims that New York should be considered its principal place of

---

[1] Because we are writing in response to two letters from TRC's counsel, we respectfully request the Court's permission to exceed the Court's limit of three pages for letters to the Court.

Mayer, Brown, Rowe & Maw LLP
The Honorable William H. Pauley III
August 9, 2006

business. TRC further argues that because ERRC is allegedly a citizen of New York, there is not complete diversity between the parties.

It is undisputed that TRC Engineers is a New Jersey corporation. The only issue concerns where TRC Engineers has its principal place of business. According to several online directories, TRC Engineers has its principal office in New Jersey. Specifically, several publicly available sources published in 2006 show TRC Engineers as having its headquarters in Lyndhurst, New Jersey, which is where TRC Engineers was served in this matter. Because TRC Engineers is a New Jersey corporation with its headquarters or center of operations in New Jersey, this Court has subject matter jurisdiction over this action based upon the complete diversity of the parties.

Further, if TRC Engineers recently moved its headquarters from New Jersey to New York, or if for some other reason its principal place of business is in fact in New York, then subject matter jurisdiction can still be preserved by ERRC voluntarily dismissing TRC Engineers from this lawsuit, which ERRC is prepared to do. TRC Engineers is a private, wholly-owned subsidiary of TRC Companies, Inc., a public company and the principal defendant in this action. TRC Engineers' participation is not required for this action to proceed. All three TRC entities will be jointly and severally liable to ERRC, should ERRC prevail. Further, although TRC Engineers was a signatory to one of the agreements that underlie this litigation, TRS Engineers is *not* a signatory to the existing Consent Order, and will not be a signatory to any Brownfields Cleanup Agreement ("BCA"). Thus, even were TRC to succeed on its subject matter jurisdiction defense, that would have no effect on whether this action may proceed in this Court.

### B. There Are No Necessary or Indispensable Parties Whose Joinder In This Action Is Required.

Neither Consolidated Edison Company of New York ("Con Ed") nor AIG Insurance Company ("AIG") are necessary or indispensable parties within the meaning of Rule 19 of the Federal Rules of Civil Procedure. Although Con Ed was a signatory to the underlying contracts, it was *not* contemplated to be a signatory to any BCA. Further, TRC's claim that Con Ed's consent to transition the properties from the Voluntary Cleanup Program ("VCP") to the Brownfields Cleanup Program ("BCP") is required, a point which plaintiff disputes, is refuted by an August 5, 2005 letter from, Robert F. Stelben, Vice President of Con Ed, advising TRC that "TRC has the right in its sole discretion to participate – or not participate – in the BCP program. Con Edison does not, and will not, object to TRC's participation in the BCP program, provided that all of the applicable requirements of the Exit Strategy® Contract have been met." A true and correct copy of Mr. Stelben's August 5, 2005 letter is attached hereto at Exhibit "A." Similarly, TRC's claim that Con Ed's absence from this lawsuit might subject TRC to liability vis-à-vis Con Ed is unsupported.

AIG likewise will *not* be a signatory to any BCA. Accordingly, AIG's presence in this lawsuit is also unnecessary. It is true that AIG, as the insurer of the underlying remediation contract pursuant to which TRC's remedial work is ongoing at the sites, must agree to switching the properties into the BCP. In this regard, AIG representatives have orally advised ERRC's representatives that the sites *should be moved* into the BCP. This, of course, makes perfect

**Mayer, Brown, Rowe & Maw LLP**

The Honorable William H. Pauley III
August 9, 2006

sense. AIG provides the insurance coverage for virtually all present and future environmental risks at the sites. Under the BCP, much broader releases from future liability are provided to owners of property remediated pursuant to the BCP, in contrast to the predecessor VCP. Naturally, those broad releases also inure to the benefit of the insurance companies that provide coverage for the remediated properties.

Finally, whether Con Ed and/or AIG must consent to transition, or whether both or either of them already have or will at some future date agree to the transition, is irrelevant to ERRC's injunction application. All ERRC seeks is an Order directing TRC to recede from its demand for a general release for its prior actions and to execute the BCA pursuant to the reasonable terms offered by ERRC. Moreover, ERRC's offered indemnification protects TRC fully against any new exposure whether due to the BCA or otherwise.

2.   **ERRC Has Alleged A Meritorious Claim For Breach Of Contract Against TRC.**

The parties disagree as to whether TRC is obligated to participate in the BCP. That is the ultimate – and very narrow – issue to be adjudicated. ERRC alleges with particularity that express and implied terms of the Exit Strategy Contract ("ESC") require TRC to execute BCA's for the sites. Although the ESC admittedly does not mention the BCP by name, it explicitly references the BCP's predecessor program. It also explicitly obligates TRC to maximize potential tax benefits for ERRC, which might include tax benefits under the BCP.

Further, even if the BCP is not specified in the ESC, the terms of the ESC, including Sections 1(e), 1(d), 1(e), 1(qq), 1(ww), 5, 7 and 14, obligate TRC to consent to the BCP. At the very least, TRC's good faith and fail dealing obligations require that it consent to the BCP. These sections of the ESC, either taken by themselves or read together, among other provisions of the contract, evidence the parties' clear intent to remediate the properties pursuant to a negotiated agreement with the NYSDEC that maximizes both present and future benefits for ERRC, the owner of the properties. The fact that Section 14(c) expressly contemplates a situation in which ERRC requests that TRC modify an existing Remedial Action Plan or Consent Order demonstrates that the parties understood at the time of contracting that the remediation program for the sites might be subject to change. TRC's refusal to modify the existing arrangement with the NYSDEC to secure significant benefits to ERRC available only under the BCP constitutes a breach of the terms of the ESC, as well as TRC's good faith and fair dealing obligations to ERRC.

Thus, ERRC contends that express and implied terms of the ESC require TRC to take advantage of the protections offered by the BCP for the benefit of ERRC. TRC's claim that there are new risks and other uncertainties with respect to transitioning the properties into the BCP, is unsupported by the facts. NYSDEC has repeatedly informed the parties of its willingness to transition the properties into the BCP at the same stage as they had been in the VCP. That means, in effect, that all properties have been pre-approved by the NYSDEC with respect to the remediation work plans for the various sites. Thus, there is no real risk to the parties of incurring any new liability. In any event, ERRC has repeatedly expressed the intent to indemnify TRC for any additional liabilities, if any, associated with transitioning into the BCP.

3

**Mayer, Brown, Rowe & Maw LLP**

The Honorable William H. Pauley III
August 9, 2006

### 3. This Court Should Allow The Injunction Motion And Grant An Expedited Trial On The Merits.

In ERRC's July 31, 2006 letter and above we show how the equities weigh decidedly in favor of ERRC, as TRC will incur no additional liability by switching the properties from the VCP to the BCP, while ERRC stands to lose significant non-financial benefits in the form of liability releases if TRC is not immediately compelled to sign the BCA. Moreover, ERRC is likely to win on the merits of the dispute, as there exists no commercially legitimate reason for TRC to withhold its consent to transition the properties into the BCP. At a minimum, TRC is not acting in good faith and dealing fairly with ERRC, a stated third-party beneficiary of the ESC in Section 26 thereof, by its refusal to participate in the BCP unless ERRC grants unrelated concessions to TRC.

In its August 7, 2006 letter to Your Honor, TRC argues that expedited treatment of this case in the form of a preliminary injunction hearing should not be ordered by this Court principally because ERRC: (1) has waited too long to make this application, and (2) will not suffer any harm that could not otherwise be compensated through an award of money damages against TRC.

*First*, TRC's claim that ERRC's application to this Court comes two or more years too late, is incorrect. TRC initially actively participated in discussions to transition the remedial work for the sites into the BCP. In fact, TRC jointly submitted applications with ERRC to the NYSDEC for participation in the BCP. Therefore, ERRC initially had reason to believe that TRC would cooperate with ERRC. It was not until late 2005 that TRC raised conditions for transitioning the properties into the BCP. Among other things, TRC demanded a broad general release of past, unrelated conduct. In the interim, the parties engaged in numerous discussions, in which TRC dropped many of its demands. It was not until June 30, 2006 that it became clear that, short of a court order, TRC will not give up its unreasonable demand for a broad general release from ERRC for TRC's past conduct as the price of transitioning into the BCP.

*Second*, TRC claims that ERRC has not and will not suffer irreparable harm because the threatened loss – significant amounts of future tax credits – is compensable in damages. What TRC overlooks, however, are the broad releases of future liability available to ERRC under the BCP, which are not available to ERRC under the existing program. These future benefits are presently incapable of calculation, but clearly are material to ERRC. In addition, because public filings indicate the poor financial condition of TRC, an award of money damages may not be sufficient to make ERRC whole after TRC's liability is established. Accordingly, ERRC satisfies the irreparable harm prong of the test in this Circuit for granting preliminary injunctive relief.

**Mayer, Brown, Rowe & Maw LLP**

The Honorable William H. Pauley III
August 9, 2006

       We look forward to a discussion on these matters with Your Honor and TRC's counsel on Friday, August 11, 2006 at 3:00 p.m.

                                     Respectfully submitted,

                                       */s/ Richard Ben-Veniste* /RPF

                                       Richard Ben-Veniste

cc:    Jennifer Scullion, Esq. (counsel for TRC) (*by e-mail and overnight delivery*)
        Michelle R. Migdon, Esq. (counsel for TRC) (*by e-mail and overnight delivery*)

# EXHIBIT A



**conEdison**

Robert P. Stelben
Vice President

August 5, 2005

TRC Environmental Corporation
21 Technology Drive
Irvine, California 92618
Attention: Mr. Michael Salmon

TRC Companies, Inc.
1200 Wall Street West, 2nd Floor
Lyndhurst, New Jersey 07071
Attention: Mr. Edward Malley

Re: First Avenue Properties

Dear Mike and Ed:

It was good to see you both the other day.

I am writing to confirm Con Edison's position regarding TRC's participation in the New York State Brownfield Cleanup Program (the "BCP program") with regard to the First Avenue properties. As we discussed yesterday with Alan Berman, TRC has the right in its sole discretion to participate – or not participate – in the BCP program. Con Edison does not, and will not, object to TRC's participation in the BCP program, provided that all of the applicable requirements of the Exit Strategy® Contract have been met. These requirements include, without limitation, paragraph 5(aa) of the Exit Strategy® Contract.

Con Edison has elected not to participate with FSM East River Associates in the BCP program. However, you should not infer from that decision that Con Edison opposes TRC's participation in the program.

Please contact Alan Berman or me if you have any questions regarding this matter.

Sincerely,

Robert P. Stelben

cc: Alan M. Berman, Esq.

NYC 574069.1 18821 00203 8/4/2005 04:19pm
Consolidated Edison Company of New York, Inc.
4 Irving Place   New York NY 10003   212 460 2786   212 477 6142 fax   stelbenr@coned.com

TOTAL P.01