**Exhibit H**

**EAST RIVER REALTY COMPANY LLC**

NINE WEST FIFTY-SEVENTH STREET, NEW YORK, N.Y. 10019-2756   212-751-1100

August 30, 2005

**SENT VIA OVERNIGHT MAIL**

Robert P. Stelben
Vice President
Consolidated Edison Company
  of New York, Inc.
4 Irving Place
New York, NY 10003

Re:   First Avenue Properties

Dear Bob:

Because of recent confusion expressed by TRC, I request that Con Edison clarify its position with respect to TRC's execution of the Brownfield Cleanup Agreements ("BCA"). We met with TRC in our office on August 10, 2005, to discuss transitioning the First Avenue Properties from the Voluntary Cleanup Program ("VCP") to the Brownfield Cleanup Program ("BCP"). TRC expressed its willingness to participate in the transition, but Michael Salmon, TRC's Senior Vice President, stated to me and others that TRC was reluctant to sign the BCA because TRC was receiving "mixed signals" from Con Edison.

Mr. Salmon gave us a copy of your August 5, 2005, letter to Mr. Salmon and Edward Malley of TRC. Your August 5 letter states that "TRC has the right in its sole discretion to participate—or not participate— in the BCP program." You further stated that,

> "Con Edison does not, and will not, object to TRC's participation in the BCP program, provided that all of the applicable requirements of the Exit Strategy® Contract ["ESC"] have been met. These requirements include, without limitation, paragraph 5(aa)..."

This letter clearly indicates Con Edison is leaving the decision to sign the BCA to TRC's sole discretion and that Con Edison will not interfere with TRC's decision. However, Mr. Salmon told us that, based on a meeting between Con Edison and TRC, and the reference in your August 5 letter to meeting "all of the applicable requirements", including "paragraph 5(aa)" of

Robert P. Stelben
August 30, 2005
Page 2

the ESC, TRC believes Con Edison is refusing to consent to TRC signing the BCA. At the August 10 meeting, TRC's counsel explained that TRC's "mixed signals" perception relates to Sections 12 and 14 of the ESC, which contain provisions that may require Con Edison's consent for actions that modify the Voluntary Consent Order ("VCO").

We disagree with this interpretation of your August 5 letter and so advised TRC when we met on August 10. In any event, paragraph 5(aa) of the ESC is not a valid basis for Con Edison to withhold its consent because both Con Edison and TRC have previously acknowledged that the site work under the BCA is the same as that under the ESC and the VCO and, thus, covered under AIG's Cost Cap policy. Moreover, ERRC has sought confirmation from AIG that all work conducted pursuant to the BCA is covered under the Policy.

Significantly, Mr. Salmon conceded that all the remediation required under the ESC would be accomplished under the BCA. He thought the BCA may require additional administrative paper work, but he was not certain. Similarly, he acknowledged that Con Edison's rights under the ESC would not be infringed if TRC signed the BCA. Accordingly, the only basis for TRC's refusal to sign the BCA must be a communication, to which ERRC is not privy, that is not set forth in your August 5 letter.

To avoid further confusion and concomitant delay in executing the BCA, please confirm that Con Edison does not object to TRC's signing the BCA, and that Con Edison consents to TRC signing the BCA.

TRC is performing remediation work for which ERRC would be entitled to receive tax credits. Con Edison's "mixed signals" to TRC and TRC's belief that it needs Con Edison's express consent to sign the BCA continues to damage ERRC.

Because time is of the essence, please respond immediately. If TRC refuses to sign the BCA because Con Edison will not confirm that it consents to TRC executing the BCA, ERRC intends to hold Con Edison and TRC responsible.

Very truly yours,

EAST RIVER REALTY COMPANY, LLC

By:     Solow East River Development Company, LLC
        Managing Member

By: _____
Name: Sheldon H. Solow

Robert P. Stelben
August 30, 2005
Page 3

cc: Michael Salmon - TRC
Gail Port, Esq. - Proskauer Rose LLP
Alan Berman, Esq. - LeBouef Lamb Greene & MacRae