# CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, N.Y. 10005-1702

FLOYD ABRAMS
L. HOWARD ADAMS
ROBERT A. ALESSI
ROGER ANDRUS
HELENE R. BANKS
MICHAEL A. BECKER
LANDIS C. BEST
GARY A. BROOKS
SUSAN BUCKLEY
KEVIN J. BURKE
JAMES J. CLARK
BENJAMIN J. COHEN
CHRISTOPHER T. COX
W. LESLIE DUFFY
ADAM M. DWORKIN
RICHARD E. FARLEY
PATRICIA FARREN
JOAN MURTAGH FRANKEL
BART FRIEDMAN
CIRO A. GAMBONI
WILLIAM B. GANNETT
CHARLES A. GILMAN
STEPHEN A. GREENE

ROBERT M. HALLMAN
WILLIAM M. HARTNETT
CRAIG M. HOROWITZ
DAVID G. JANUSZEWSKI
ELAI KATZ
THOMAS J. KAVALER
DAVID N. KELLEY
LAWRENCE A. KOBRIN
EDWARD P. KRUGMAN
JOEL KURTZBERG
GEOFFREY E. LIEBMANN
MICHAEL MACRIS
ANN S. MAKICH
JONATHAN I. MARK
GERARD M. MEISTRELL
ROGER MELTZER
MICHAEL E. MICHETTI
ATHY A. MOBILIA
NOAH B. NEWITZ
MICHAEL J. OHLER
KENNETH W. ORCE
DAVID R. OWEN
JOHN PAPACHRISTOS

TELEPHONE: (212) 701-3000
FACSIMILE: (212) 269-5420

1990 K STREET, N.W.
WASHINGTON, D.C. 20006-1181
(202) 862-8900
FAX: (202) 862-8958

AUGUSTINE HOUSE
6A AUSTIN FRIARS
LONDON, ENGLAND EC2N 2HA
(011) 44.20.7920.9800
FAX: (011) 44.20.7920.9825

WRITER'S DIRECT NUMBER

(212) 701-3352

LUIS R. PENALVER
ROY L. REGOZIN
DEAN RINGEL
JAMES ROBINSON
THORN ROSENTHAL
JONATHAN A. SCHAFFZIN
JOHN SCHUSTER
MICHAEL A. SHERMAN
DARREN SILVER
HOWARD G. SLOANE
LAURENCE T. SORKIN
LEONARD A. SPIVAK
SUSANNA M. SUH
GERALD S. TANENBAUM
JONATHAN D. THIER
JOHN A. TRIPODORO
ROBERT USADI
GEORGE WAILAND
GLENN J. WALDRIP, JR.
MICHAEL B. WEISS
S. PENNY WINDLE
DANIEL J. ZUBKOFF
ADAM ZUROFSKY

SENIOR COUNSEL
WALTER C. CLIFF
DAVID R. HYDE
IMMANUEL KOHN
WILLIAM T. LIFLAND
DONALD J. MULVIHILL
IRWIN SCHNEIDERMAN
JOHN R. VAUGHAN
GARY W. WOLF

COUNSEL
CORYDON B. DUNHAM
JASON W. KAPLAN
RAND McQUINN*

*ADMITTED IN
DC, TX, VA ONLY

September 11, 2006

Re: East River Realty Company LLC v. TRC Companies, Inc., et al., No. 06 CV 5427 (WHP)

Dear Judge Pauley:

We represent Granite State Insurance Company ("Granite State") and Commerce and Industry Insurance Company (collectively, "AIG Companies") with respect to matters relating to the above-referenced action pending before Your Honor. <u>Pursuant to Paragraph 3.A(1) of Your Honor's Individual Practices, we write to request a pre-motion conference in contemplation of a motion by Granite State pursuant to Rule 24 of the Federal Rules of Civil Procedure to intervene in the action.</u>

Upon learning of the September 22, 2006 hearing scheduled before Your Honor, we began preparing to proceed by Order to Show Cause, in hopes of being able to have our intervention motion ready for consideration at that hearing. As we finalized those papers Thursday evening, we learned of entry of the Stipulation of Partial Settlement and Order (the "Stipulation") staying the action. Nevertheless, because it is far from certain that the multi-conditional settlement will occur, and because timeliness is a factor in the Court's consideration of a Rule 24 motion, we are making this request for a conference at this time.

The basis for our motion is simple: Granite State has an interest that may be impaired by any decision rendered in this action, and neither the plaintiff ("ERRC") nor the defendants (collectively, "TRC") adequately represents Granite State's interests.

That Granite State has an interest in this action is not disputed. Indeed, both ERRC and TRC acknowledge — in correspondence, in ERRC's Complaint, in TRC's motion to dismiss, and in the Stipulation — that AIG Companies' consent is required to transition from the Voluntary Cleanup Program ("VCP") to the Brownfields Cleanup Program ("BCP"). As the Stipulation indicates, ERRC and TRC hope to impose the additional costs associated with the transition on AIG Companies.

CAHILL GORDON & REINDEL LLP

-2-

It is also clear that neither ERRC nor TRC adequately represents Granite State's interests. While ERRC has in the past offered to hold AIG Companies harmless for the increased costs incurred on account of transition to the BCP, that offer, though accepted, has not been formalized in the form of an amendment or endorsement to the Granite State policy. For now, ERRC seeks by this action an order of this Court which would result in increased remediation costs for the properties at issue, a result that cannot be in the interests of Granite State. The Stipulation suggests that ERRC's hope is to impose those costs on Granite State.

TRC's interest is to ensure that its costs are covered under the Granite State policy and to preserve as much of the Notional Commutation Account balance as possible for future incentive and/or commutation payments. By contrast, Granite State's interest is to ensure that the remediation work is performed consistent with the requirements of the Exit Strategy® Contract and the policy, as contemplated when the policy was underwritten and issued — namely under the VCP — unless ERRC and/or TRC provide adequate assurances that the substantive assumptions underlying the policy will remain effectively unchanged.

The Stipulation only serves to confirm that Granite State's intervention is necessary. The Stipulation squarely acknowledges that the parties need AIG Companies' consent to transition cleanup of the properties at issue in this action from the VCP to the BCP. Indeed, the AIG Companies' consent is an express condition precedent to the proposed settlement. At present, AIG Companies have not consented to such a transition. Thus, the Stipulation is really no settlement at all, because the parties chose not to include AIG Companies in the litigation or the Stipulation, notwithstanding their express recognition that there can be no settlement without AIG Companies.

Transition from the VCP to the BCP would dramatically alter the risk AIG Companies underwrote in issuing the relevant policies. The decision whether or not to consent to the transition is a business decision requiring, at a minimum, the reunderwriting of the risks under what the parties acknowledge would be a more expensive BCP remediation. The Stipulation contemplates the parties attempting to persuade AIG Companies to consent at little or no cost to ERRC and/or TRC. That may be a reasonable hope, or it may be baseless wishful thinking. The question simply has not been put to the AIG Companies, nor have the AIG Companies analyzed it. AIG Companies will of course consider any proposal ERRC or TRC may make — whether an offer of indemnification, additional premium, or both — in attempting to secure AIG Companies' consent in accordance with paragraph 6(c) of the Stipulation. At this point, however, no proposal has been made to AIG Companies.

Additionally, Paragraph 11 of the Stipulation creates a dispute resolution mechanism, before Magistrate Judge Peck, for disputes between TRC and ERRC over the reasonableness of certain claims to be submitted to AIG Companies for payment under the policy. We respectfully submit that in the event that Judge Peck was to make the findings contemplated by Paragraph 11 without AIG Companies' participation in the process, AIG Companies would maintain the right to deny coverage of the claims. Still, the process contemplated by Paragraph 11 further demonstrates that the parties' attempt to litigate or settle this case without AIG Companies' involvement is ill-advised.

CAHILL GORDON & REINDEL LLP

-3-

      For these reasons, as we are prepared to more fully explain in our motion papers, we respectfully submit Granite State's intervention in this action is warranted.

Respectfully submitted,

David G. Januszewski

The Honorable William H. Pauley III
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Room 2210, Courtroom 11D
New York, New York 10007

BY HAND

cc:    The Honorable Andrew J. Peck, United States Magistrate Judge (By Hand)
        Richard Ben-Veniste, Esq. (counsel for ERRC) (By Email and overnight delivery)
        Michelle R. Migdon, Esq. (counsel for TRC) (By Email and overnight delivery)

*[Handwritten note:]* This action has been suspended pursuant to Judge Peck's Order dated 9/6/06. Accordingly, this application is denied without prejudice to its renewal should the action be restored to the Court's calendar.

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.

10/3/06