

CAHILL GORDON & REINDEL LLP

EIGHTY PINE STREET

NEW YORK, N.Y. 10005-1702

TELEPHONE: (212) 701-3000
FACSIMILE: (212) 269-5420

1990 K STREET, N.W.
WASHINGTON, D.C. 20006-1181
(202) 862-8900
FAX: (202) 862-8958

AUGUSTINE HOUSE
6A AUSTIN FRIARS
LONDON, ENGLAND EC2N 2HA
(011) 44.20.7920.9800
FAX: (011) 44.20.7920.9825

WRITER'S DIRECT NUMBER

(212) 701-3352

**MEMO ENDORSED**

March 21, 2007

Re:  East River Realty Company LLC v. TRC Companies,
     Inc., et al., No. 06 CV 5427 (WHP) (AJP)

Dear Judge Peck:

　　　　We represent non-parties Granite State Insurance Company ("Granite State") and
Commerce and Industry Insurance Company (collectively, "AIG Companies") with respect to mat-
ters relating to the above-referenced action.

　　　　By my letter to Judge Pauley dated September 11, 2006, the AIG Companies re-
quested a pre-motion conference in contemplation of a motion by Granite State pursuant to Rule 24
of the Federal Rules of Civil Procedure to intervene in the action.  My letter set forth in general
terms the position of the AIG Companies with respect to the matters underlying this action.  By en-
dorsed order on my letter, Judge Pauley on October 3, 2006 ordered:

　　　　"This action has been suspended pursuant to Judge Peck's Order dated 9/06/06.  Ac-
　　　　cordingly, this application is denied without prejudice to its renewal should the action
　　　　be restored to the Court's calendar."

A copy of my letter as endorsed by Judge Pauley is attached herewith for the Court's convenience.

　　　　I have been provided with a copy of Richard Weill's March 19, 2007 Appearance on
behalf of Plaintiff East River Realty Company LLC ("ERRC") and his March 19, 2007 letter to Your
Honor.  In his letter, Mr. Weill makes certain inaccurate statements with respect to the events that
have transpired since Your Honor's September 6, 2006 Order approving a conditional partial settle-
ment of the action.  I note that neither Mr. Weill nor anyone from his firm participated directly in
any of the numerous in-person and telephonic meetings involving ERRC, defendants TRC Compa-
nies ("TRC"), Con Edison and the AIG Companies.  Mr. Riesel and/or Mr. Bogin of the Sive, Paget
& Riesel firm attended all such conferences on behalf of ERRC.

CAHILL GORDON & REINDEL LLP

-2-

As my September 11 letter noted, the parties in this action have acknowledged that the consent of the AIG Companies is necessary for there to be a transition of the properties at issue from the Voluntary Cleanup Program ("VCP") to the Brownfields Cleanup Program ("BCP"). As my letter also made clear, the AIG Companies were prepared to consider any proposal that the insureds might make in that regard.

Subsequently, in response to the AIG Companies' request, ERRC and TRC submitted various information concerning the possible costs associated with a transition from the VCP to the BCP. The AIG Companies requested certain additional information and, upon receipt of that information, promptly underwrote the new risks associated with transition to the BCP.

On December 15, 2006, the AIG Companies proposed an endorsement to the Policy allowing for transition to the BCP. ERRC, TRC, Con Ed and the AIG Companies thereafter met in person or by teleconference numerous times in an effort to finalize an agreement. On February 21, 2007, counsel for ERRC, Mr. Riesel, communicated to me by telephone that ERRC accepted the AIG Companies' proposal. On February 22, 2007, Mr. Riesel sent me a letter in which he stated: "Thank you for concluding our negotiations with respect to AIG's agreement to insure the First Avenue Brownfield Cleanup Agreements presently held in escrow." On February 27, I provided all parties a revised draft endorsement designed to implement what we understood to be the parties' agreement.

Since we circulated the proposed draft endorsement to ERRC, TRC, and Con Ed on February 27, 2007, we have received no objections or comments to our proposed language. Although we subsequently saw correspondence suggesting that issues remained as between and among ERRC, Con Ed and/or TRC, until receipt of Mr. Weill's March 19 letter it was our understanding that the parties had reached agreement with respect to an endorsement of the Policy.

In sum, Mr. Weill's contention that the AIG Companies have "sought to take unfair advantage of the unilateral veto power the Order has granted them" is false. As contemplated by my September 11 letter, the AIG Companies underwrote the risks associated with a transition from the VCP to the BCP, as any prudent insurance company would do.

Mr. Weill also asserts that the AIG Companies have "sought to extract" additional premiums "without any explanation of what increased risks this money purportedly would cover." That is also false. During the numerous conferences Mr. Weill did not attend, the particulars of the AIG Companies' underwriting analysis were discussed in detail with ERRC, TRC and Con Ed. Although ERRC expressed its own views concerning the likelihood of the risks identified by the AIG Companies, ERRC at no time complained that the AIG Companies were not fully explaining the basis for their analysis and for the proposal.

We understand that the Court may schedule a conference tomorrow morning in response to Mr. Weill's letter. Although the AIG Companies are currently not parties to the action, we would be pleased to appear at the conference and, to the extent Your Honor wishes, address the issues raised by Mr. Weill.

CAHILL GORDON & REINDEL LLP

-3-

      To the extent that the case is restored to the Court's active calendar, we will promptly renew our request to Judge Pauley for a pre-motion conference pursuant to Paragraph 3.A(1) of his Individual Practices.

Respectfully submitted,

David G. Januszewski

The Honorable Andrew J. Peck
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1370
New York, New York 10007

BY HAND

Enclosure

cc:   Richard E. Weill, Esq. (counsel for ERRC) (By Email and Fed Ex)
     Richard Ben-Veniste, Esq. (counsel for ERRC) (By Email and Fed Ex)
     Daniel Riesel, Esq. (counsel for ERRC) (By Email and Hand)
     Michael Bogin, Esq. (counsel for ERRC) (By Email and Hand)
     Jennifer Scullion, Esq. (counsel for TRC) (By Email and Hand)
     Michelle R. Migdon, Esq. (counsel for TRC) (By Email and Hand)
     Andrew Davis, Esq. (counsel for Con Ed) (By Email and Fed Ex)
     Suzanne St. Pierre, Esq. (counsel for Con Ed) (By Email and Hand)

MEMO ENDORSED

BY FAX

MEMO ENDORSED

IT IS ORDERED that counsel to whom this Memo Endorsement is sent is responsible for faxing a copy to all counsel and retaining verification of such in counsel's case file. Do not fax or mail such verification to Chambers.

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
### Southern District of New York
**United States Courthouse**
**500 Pearl Street, Room 1370**
**New York, N.Y. 10007-1312**

Fax No.:         (212) 805-7933
Telephone No.:   (212) 805-0036

Dated:  __March 21, 2007__                          Total Number of Pages:  __4__

| TO | FAX NUMBER |
|---|---|
| David J. Januszewski, Esq. | 212-269-5420 |
|  |  |
|  |  |

# TRANSCRIPTION:

**MEMO ENDORSED 3/21/07**

There is a "status" conference scheduled for tomorrow, __3/22 at 10 AM__, and Mr. Januszewski is welcome to attend. The case has not been restored to the active docket at this time, however.

Copy to:     Judge William H. Pauley III